## R. J. WADDELL & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. February 20, 1900.)

No. 2,755.

1. CUSTOMS DUTIES—CLASSIFICATION—COMPOSITION PUMICE STONE—SIMILITUDE.
   The article known as "composition pumice stone," consisting of ground pumice stone mixed with clay, in the form of bricks or cakes, is not dutiable under the provision in paragraph 97, Schedule B, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 156 (U. S. Comp. St. 1901, p. 1633), for "articles or wares composed wholly or in chief value of earthy or mineral substances * * * not decorated," but, by virtue of the similitude clause in section 7 of said act, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), is dutiable under paragraph 92, Schedule B, § 1, c. 11, of said act, 30 Stat. 156 (U. S. Comp. St. 1901, p. 1632), as being substantially similar in texture, material, and use to the "pumice stone, wholly or partially manufactured," therein enumerated.

Appeal by R. J. Waddell & Co., importers, from a decision of the Board of General Appraisers (G. A. 4145) which affirmed the assessment of duty by the collector of customs on certain merchandise imported at the port of New York.

The merchandise is known as composition pumice stone, and is a manufactured article, complete and ready for use. It consists of ground or pulverized pumice stone and clay mixed and pressed or molded into bricks or cakes of different sizes, shapes, and grades or qualities of texture or grain, depending upon the use for which it is intended—whether by painters, varnishers, polishers, cabinetmakers, marble workers, and others, in rubbing, smoothing or polishing the surfaces of wood, stone, marble, etc. Duty was assessed by the collector under the provision in paragraph 97, Schedule B, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 156 (U. S. Comp. St. 1901, p. 1633), for "articles and wares composed wholly or in chief value of earthy or mineral substances, * * * not decorated." The contention of the importers is that the articles are properly dutiable under the provision in paragraph 92, Schedule B, § 1, c. 11, of said act, 30 Stat. 156 (U. S. Comp. St. 1901, p. 1632), for "pumice stone, wholly or partially manufactured," either directly, or as being similar to such pumice stone, within the meaning of section 7 of said act, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), which provides that "each and every imported article, not enumerated, * * * which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated * * * as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned."

Comstock & Brown, for importers.

D. F. Lloyd, Asst. U. S. Atty.

LACOMBE, Circuit Judge (orally). It seems to me that paragraph 92, Schedule B, § 1, c. 11, of the act of July 24, 1897, 30 Stat. 156 [U. S. Comp. St. 1901, p. 1632], was not intended to provide for manufactures of pumice stone combined with anything else. It deals with "pumice stone, wholly or partially manufactured," and pumice stone "unmanufactured." I do not think this article is properly within the terms of that paragraph.

As to paragraph 97, in view of the decision of the Circuit Court of Appeals in Dingelstedt v. U. S., 91 Fed. 112, 33 C. C. A. 395, I do not think the article could properly be classified there. But plainly and

clearly, under the similitude clause, it should be entitled to be assessed at the same duty as that imposed upon pumice stone, because in texture, in the material of which it is composed, and in its use, it is substantially similar to the "pumice stone, wholly or partially manufactured," of the paragraph in question.

Therefore I reverse the decision of the Board of Appraisers, and. hold that the article is dutiable by similitude, the same as pumice stone manufactured.