NISHIMIYA v. UNITED STATES.

(Circuit Court, S. D. New York. May 25, 1904.)

No. 3,451.

1. CUSTOMS DUTIES—CLASSIFICATION—SAKÉ—SIMILITUDE.

Tariff Act July 24, 1897, c. 11, § 6, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], provides that any unenumerated article "which is similar either in material, quality, texture or the use to which it may be applied to any article enumerated  *  *  *  as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned." In regard to sake', a Japanese alcoholic beverage made from rice by processes similar to those employed in making beer, which resembles still wine in its percentage of alcohol, which in quality is only remotely similar to wine or beer, though in some respects like either in point of use, *held*, that the article is not sufficiently similar to wine to warrant its classification as such under Act July 24, 1897, c. 11, § 1, Schedule H, par. 296 (30 Stat. 174 [U. S. Comp. St. 1901, p. 1654]), nor to beer or ale to permit its classification as either under paragraph 297 of said act (30 Stat. 174 [U. S. Comp. St. 1901, p. 1655]), but that its proper classification is as an unenumerated manufactured article under section 6 of said act (30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]).

Appeal by the Importers from a Decision of the Board of United States General Appraisers.

On application for review of a decision of the Board of General Appraisers. The decision under review affirmed the assessment of duty by

the collector of customs at the port of New York on an importation by W. Nishimiya.   Note G. A. 5,334, T. D. 24,410, and Murphy v. Arnson, 96 U. S. 131, 24 L. Ed. 773.

Albert Comstock and Percy W. Crane, for importer.

Charles Duane Baker, Asst. U. S. Atty.

TOWNSEND, Circuit Judge.   The merchandise in question is saké, imported from Japan.   The Board of Appraisers finds that it is a beverage made from rice by processes similar to those employed in making beer, but which in alcoholic strength, quality, general appearance, and otherwise resembles still wine, and therefore held it to be dutiable at 50 cents per gallon, by similitude to still wines containing more than 14 per cent. of absolute alcohol, under the provisions of paragraph 296 of the tariff act of 1897.   Act July 24, 1897, c. 11, § 1, Schedule H, 30 Stat. 174 [U. S. Comp. St. 1901, p. 1654].   The importer protests on the ground that the beverage is dutiable either as ale or beer, under the provisions of paragraph 297 of said act, either directly or by similitude; or as a nonenumerated manufactured article under section 6 of said act.   This beverage is neither ale, beer, nor still wine.   It is similar to ale or beer, in that the material from which it is made is rice, and in the fact that it is, like beer or ale, fermented with yeast.   It is more like wine than beer in its quality, as the percentage of alcohol contained in it is about 17 per cent., while the percentage of alcohol in beer ranges between 3½ and 9 per cent., and in wine between 7½ and 16 per cent. A test of the sample by taste and smell and examination indicates that it is only remotely similar in quality to either wine or beer.   In use it is like either liquid, being drank for flavor and exhilaration.   It is unlike them in that it is ordinarily drank hot.   In quality it is more like wine in the sense that it is still, as distinguished from the ordinary effervescent ale or beer.   In these circumstances saké is not sufficiently similar to still wine to warrant its assessment for duty under paragraph 296 of the act; and because of the high percentage of alcohol therein, the absence of effervescence, and its quality, taste, and use, as aforesaid, it does not seem to be sufficiently like beer or ale to permit of its inclusion under paragraph 297.   The conclusion reached is that it is so radically different from the articles covered by both of said paragraphs that it should have been classified for duty as a nonenumerated manufactured article under section 6 of said act.

The decision of the Board of Appraisers is reversed.