### UNITED STATES v. NISHIMIYA.

(Circuit Court of Appeals, Second Circuit.   March 2, 1905.)

#### No. 3,451.

1. CUSTOMS DUTIES—CLASSIFICATION—SAKÉ—UNENUMERATED ARTICLE.

The Japanese alcoholic beverage known as saké is dutiable as an unenumerated manufactured article, under section 6, Tariff Act July 24, 1897, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693].

2. SAME—SIMILITUDE—SAKÉ—STILL WINES—BEER.

In construing section 7, Tariff Act July 24, 1897, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], providing that any unenumerated article

"similar, either in material, quality, texture, or the use to which it may be applied, to any article enumerated * * * as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned," *held*, as to saké, a fermented alcoholic beverage resembling beer in material and use, and still wines in quality and use, that, as it has many characteristics not found in either beer or wine, and its ingredients are so unusual and its process of manufacture so unique, said provision does not apply so as to make it subject to the rate applicable to either of those articles.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This is an appeal from a decision of the Circuit Court for the Southern District of New York, which reversed the decision of the Board of General Appraisers which had affirmed the decision of the collector in the classification and assessment of duty on a certain fomented liquor known as "saké," imported from Japan. The decision of the Circuit Court is reported in 131 Fed. 650.

Charles Duane Baker, Asst. U. S. Atty., for appellant.
Albert Comstock, for appellee.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

COXE, J. Saké is not specifically enumerated in the tariff act of 1897. The collector assessed it by similitude to "still wines," under paragraph 296 of the act of July 24, 1897, c. 11, § 1, Schedule H, 30 Stat. 174 [U. S. Comp. St. 1901, p. 1654], which is as follows:

"Still wines, including ginger wines or ginger cordial and vermuth, in casks or packages other than bottles or jugs, if containing fourteen per centum or less of absolute alcohol, forty cents per gallon; if containing more than fourteen per centum of absolute alcohol, fifty cents per gallon."

The importer filed an alternative protest, insisting that the merchandise should be assessed by similitude to "beer" or "malt extract fluid," under paragraphs 297 and 298 (30 Stat. 174 [U. S. Comp. St. 1901, p. 1655]), respectively, or, if not so dutiable, then as an unenumerated manufactured article, under section 6 of the act of July 24, 1897, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693].

Paragraphs 297 and 298 are as follows:

"297. Ale, porter, and beer, in bottles or jugs, forty cents per gallon, but no separate or additional duty shall be assessed on the bottles or jugs; otherwise than in bottles or jugs, twenty cents per gallon.

"298. Malt extract, fluid, in casks, twenty cents per gallon; in bottles or jugs, forty cents per gallon; solid or condensed, forty per centum ad valorem."

Finding the merchandise unenumerated it was the duty of the collector to examine the law to ascertain if it resembled any enumerated article sufficiently to warrant the application of the similitude clause; if it did not, the general catch-all clause would receive it as a nonenumerated manufactured article. Hahn v. U. S., 40 C. C. A. 622, 100 Fed. 635.

The similitude clause (section 7) of the act of July 24, 1897, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], in so far as applicable, is as follows:

"That each and .every imported article, not enumerated in this act, which is similar, either in material, quality, texture, or the use to which it may be applied, to any article enumerated in this act as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned."

Saké is a beverage, a product of the fermentation of rice, produced by a process similar to that employed in making beer in this country, rice being used instead of barley. An analysis of a sample of the importation in question shows it to contain 17 per cent. of alcohol, 3.874 per cent. of solids, and .064 per cent. of ash; the remaining 78.50 per cent. being water.

Polariscopic and other tests disclosed the presence of maltose, which is the first product of the change of starch under the action of diastatic ferments, and indicates that the fluid was the product of a starch bearing substance.

Saké is amber colored, has a sweet taste, has no bead and is always heated before being drunk.

Still wines are produced from the natural saccharine juice of fruits and do not contain starch or maltose which is a product of starch. They are always fermented in closed casks in the absence of air and contain from 7½ to 16 per cent. of alcohol.

Beer is brewed by a process similar to that which produces saké; it is usually effervescent, is cold when drunk and it contains from 3½ to 9 per cent. of alcohol.

The name—saké—is apparently arbitrary and not descriptive and conveys little or no intelligence to the mind. The record, too, is very meager as to the points of similarity between it and the other beverages with which it is compared; many of the characteristics of wine and beer being untouched by the proof.

Taking the criteria of section 7, above quoted, we find saké to be similar to beer in material and the use to which it is applied and similar to still wines in quality and use. A comparison in "texture" would seem to be inapplicable to liquids.

Saké resembles beer in its process of manufacture and in the presence of maltose in the extract which is a characteristic of beer, but is never found in still wines. It resembles still wines in the large percentage of alcohol and it has many points of similarity to both wine and beer. It is also true that in many particulars it is wholly unlike anything mentioned in Schedule H of the tariff act.

The similarity to still wines, based upon the large amount of alcohol found in the imported merchandise, presents the strongest reason in justification of the collector's classification. In other respects we incline to the opinion that the importer presents the stronger argument. Taking everything into consideration there are certainly as many points of resemblance between saké and beer as between saké and still wines. If there were no alternative but to select one or the other of these similitudes it is probable that the decision would be in favor of the appellee under the rule that re-

solves a doubtful question of tariff interpretation in favor of the importer. But saké has so many characteristics which are not found in either beer or wine, its ingredients are so unusual and the process of its manufacture so unique that it may fairly be held that it is nowhere described except by the general language of section 6.

The decision of the Circuit Court is affirmed.