## STRATTON V. KOMADA & CO.

(Circuit Court, N. D. California. July 11, 1906.)

No. 13,838 (1,783).

1. CUSTOMS DUTIES—CLASSIFICATION—SAKE—SIMILITUDE.

"Sake" does not have a substantial resemblance to either wine or beer, so as to be dutiable as such by similitude under the provisions of Tariff Act July 24, 1897, c. 11, § 7, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], but is dutiable as an unenumerated manufactured article, under section 6, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693].

2. SAME—SIMILITUDE—TEXTURE.

In the provision in Tariff Act July 24, 1897, c. 11, § 7, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]. that unenumerated articles shall be dutiable at the rate applicable to enumerated articles which they resemble in "texture," etc., "texture" does not relate to liquids, but only to the structure of woven fabrics.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,182 (T. D. 26,810), which reversed the assessment of duty by Frederick S. Stratton, collector of customs at the port of San Francisco.

Robert T. Devlin, U. S. Atty., Benjamin A. Levett, Special Asst. U. S. Atty. (Benjamin McKinley, Asst. U. S. Atty., on brief), for collector.

Stanley Jackson and Thomas Fitch (Percy W. Crane, on the brief), for importers.

MORROW, Circuit Judge (orally). This is an application for the review of a decision of the Board of United States General Appraisers, rendered October 26, 1905, respecting the classification of a Japanese beverage known as "sake," under the customs revenue laws. The article is not mentioned by name in the tariff act, and the question is whether it is dutiable by similitude, either in material, quality, texture, or use, under the provisions of section 7 of the tariff act (Act July 24, 1897, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]), as a still wine containing more than 14 per centum of absolute alcohol, at 50 cents per gallon under paragraph 296 of the act (30 Stat. 174, c. 11, § 1, Schedule H [U. S. Comp. St. 1901, p. 1654]), or as ale or beer otherwise than in bottles or kegs, at 20 cents per gallon under paragraph 297 of the act (30 Stat. 174, c. 11, § 1, Schedule H [U. S. Comp.

St. 1901, p. 1655]), or whether it is to be classed as a nonenumerated article under section 6 of the act (30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]).

Texture is defined as relating to the structure of woven fabric and has no quality relating to liquid. The similitude in this case must, therefore, be either in material, quality, or use to bring the article in question within the statute. It appears from the evidence that "sake" is manufactured from rice by a peculiar process of fermentation, and in this respect resembles beer, in being made from a cereal. It appears, also, that the first stage of this process resembles the manufacture of beer; but the subsequent manipulation of the material is wholly different, and the article itself, when ready for use, aside from color, is entirely unlike ale or beer in quality and taste. The process of fermentation does not resemble that of wine. The alcoholic strength of "sake" is developed from the sugar in the starch contained in the rice, while the alcoholic strength of wine is developed from the sugar contained in the juice of the grape. The process is different and the product is a different material. Sake resembles wine in color, as it does beer, but differs in every other respect.

"Sake" is not imported either as wine or beer, and the evidence does not show that it is used in place of either. It is distinctively a Japanese beverage, and there is no evidence that those who drink wine or beer as a beverage use "sake" as a substitute. There is some evidence that "sake" has the quality of a poor sherry wine in taste and color; but it does not appear that the wine referred to in the evidence is imported in any quantity to this country, or that "sake" is used for that wine, either in this country or elsewhere. The two beverages are not in competition with each other. "Sake" has a distinct, uniform quality of its own—that is to say, all "sake" is alike in color, taste, and substance—while wines differ in all their various qualities of color, taste, and substance. Wine is made from different kinds of grapes and from grapes grown in different localities. We have, therefore, claret, burgundy, sherry, port, riesling, and various other kinds of wine, made in different localities and from different kinds of fruit, and having different quality, taste, color, and substance, while "sake" is uniform in character and in material, and unlike any known wine, except the poor quality of sherry referred to in the evidence and produced in court. Moreover, still wines, if properly handled, improve by age, while "sake," like beer, deteriorates after it has been made a few months. In some of these elements I have mentioned, "sake" resembles beer more than it does wine; but in the final comparison in material, quality, and use, a substantial resemblance to either wine or beer disappears.

This question was before the Circuit Court for the Southern District of New York in Nishimiya v. United States, 131 Fed. 650. After considering the various qualities of "sake," as compared with wine and beer, the court reached the conclusion that it was so radically different from those articles that it should have been classified for duty as a nonenumerated manufactured article, under section 6 of the act of July 24, 1897. This case was appealed to the Circuit Court of Appeals for the Second Circuit, where the question was further considered, and

the decision of the Circuit Court affirmed. United States v. Nishimiya, 137 Fed. 396, 69 C. C. A. 588. It is now claimed on behalf of the United States that the evidence in this case distinguishes it from the New York case, but all the elements of difference found in that case have been established in this case. There is more evidence on both sides in the present case than there was in the Nishimiya Case, but I do not find that it has any more weight in establishing a similitude to either wine or beer. The general case presented seems to me to be substantially the same, and the decision of the Circuit Court and Circuit Court of Appeals in the Nishimiya Case is entitled to very great respect, if not of binding force upon this court in the present case. It at least raises a doubt which should be resolved in favor of the importer.

The decision of the Board of United States General Appraisers is affirmed.