UNITED STATES v. KOMADA & CO.

(Circuit Court of Appeals, Ninth Circuit.    May 18, 1908.)

No. 1,361 (1,783).

**1. Customs Duties—Classification—Similitude—"Sake"—"Still Wine."**

Sake is dutiable as still wine by similitude, being "similar" to that article in material and use within the meaning of the similitude clause in Tariff Act July 24, 1897, c. 11, § 7, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), which prescribes the classification of unenumerated articles "similar * * * in material, * * * use," etc., to enumerated articles. The resemblance in material arises from the fact that the predominant substance in both articles is alcohol, and that there is a substantial similarity in their alcoholic strength; the percentage of alcohol being about 18 in sake and from 11 to 16 in still wine. The resemblance in use arises from the fact that both articles are drunk for purposes of exhilaration, and are capable of producing intoxication.

**2. Same—"Similar."**

In Tariff Act July 24, 1897, c. 11, § 7, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693) relating to articles "similar" to other articles, the term quoted is used in the sense of nearly corresponding, resembling in many respects, somewhat like, or having a general resemblance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Duties, § 148.

For other definitions, see Words and Phrases, vol. 7, pp. 6515–6516.]

**3. Same—Similitude—Single Resemblance—Either—Or.**

Tariff Act July 24, c. 11, § 7, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), relating to articles "similar" to other articles "either in material, quality, texture, or the use," does not require that similitude should exist in all four of the respects specified. One of these resemblances will suffice.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Duties, § 148.]

**4. Same—Degree of Resemblance—"Similarity."**

The similarity required by the similitude clause in Tariff Act July 24, 1897, c. 11, § 7, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), is a real or substantial similarity.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Duties, § 148.

For other definitions, see Words and Phrases, vol. 7, p. 6516.]

**5. Same—Nature of Resemblance—Original Materials.**

In applying the similitude clause in Tariff Act July 24, 1897, c. 11, § 7, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), relative to articles similar to other articles in "material," difference in the original materials from which the articles compared is not controlling. The law concerns itself only with the condition of the articles at the time of importation.

**6. Same—Similitude—Question of Fact.**

The question whether an article is "similar" to another within the meaning of the similitude clause in Tariff Act July 24, 1897, c. 11, § 7, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), is one of fact.

**7. Same—Findings by Board of General Appraisers—Conclusiveness.**

Findings by the Board of General Appraisers as to the fact of similitude will not be disturbed on appeal to the courts, unless clearly contrary to the evidence, or further evidence of a material character is presented.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Duties, § 205.]

**8. Same—Statutes—Long Acquiescence by Importers.**

Where there is a conflict in the evidence as to the character of an imported article, much weight should be given to the fact that there has

162 F.—30

been an earlier ruling by the Board of General Appraisers which has long been acquiesced in by importers of that article.

Appeal from the Circuit Court of the United States for the Northern District of California.

For decision below, see 148 Fed. 125, affirming a decision by the Board of United States General Appraisers, G. A. 6,182 (T. D. 26,-810), which had reversed the assessment of duty by the collector of customs at the port of San Francisco.

Robert T. Devlin, U. S. Atty. (Charles J. Bonaparte, Atty. Gen., and James C. McReynolds, Special Asst. Atty. Gen., on the brief).

Stanley Jackson (Thomas Fitch and Henry C. & Oliver Dibble, of counsel), for importers.

Before GILBERT and ROSS, Circuit Judges, and DE HAVEN, District Judge.

DE HAVEN, District Judge. This case is before us on an appeal by the United States from a judgment of the United States Circuit Court for the Northern District of California, affirming the decision of the Board of General Appraisers as to the amount of import duty to which the Japanese beverage, known as "Sake," is subject. The decision of the Board of General Appraisers was that sake is dutiable at 20 per cent. ad valorem, as a nonenumerated manufactured article under section 6 of the Dingley tariff act (Act July 24, 1897, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]), and the main contention of the government on this appeal is that merchandise of this character is subject to a higher duty as a still wine by similitude, under section 7 of the act referred to, which provides:

"That each and every imported article, not enumerated in this act, which is similar, either in material, quality, texture, or the use to which it may be applied, to any article enumerated in this act as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned. * * *"

It appears from the record that prior to 1894 sake was classified by the customs officers at New York as distilled liquor, and in that year a protest was made against that classification by an importer; the protestant contending that the article was dutiable as a still wine by similitude. This protest was sustained by the Board of General Appraisers. In re Woozeno, G. A. 2,789, T. D. 15,392. The government acquiesced in this ruling, and the classification fixed thereby continued without protest until March, 1902, when H. Hackfeld & Co., an importer of Honolulu, protested against such classification, claiming:

"That sake should be assessed for duty as ale, porter, or beer, by similitude, at the rate of 40 cents per gallon, if in bottles or jugs, or at 20 cents per gallon, if not in bottles or jugs, or as a nonenumerated article at the rate of 20 per cent. ad valorem."

This protest was overruled by the Board of General Appraisers (T. D. 24,410; G. A. 5,334); the board holding that sake "should be held to be so far similar to still wine as to be classed as wine by similitude. It is similar in the amount of alcohol and other constituent elements;

also in quality, general appearance, and somewhat in taste." No appeal was taken from this decision; but on April 16, 1903, the collector of customs at New York, having assessed an importation of sake for duty at 50 cents per gallon as a still wine, the importer, W. Nishimiya, filed a protest against the decision. This protest was overruled by the Board of General Appraisers, and the importer appealed to the United States Circuit Court for the Southern District of New York, and the decision of the Board of General Appraisers was reversed by that court, and sake held to be dutiable at 20 per cent. ad valorem as a nonenumerated manufactured article under section 6 of the tariff act of 1897. Nishimiya v. United States (C. C.) 131 Fed. 650. This decision was affirmed by the Circuit Court of Appeals for the Second Circuit, the court saying:

"The similarity to still wines, based upon the large amount of alcohol found in the imported merchandise, presents the strongest reason in justification of the collector's classification. * * * But sake has so many characteristics which are not found in either beer or wine, its ingredients are so unusual, and the process of its manufacture so unique, that it may fairly be held that it is nowhere described, except by the general language of section 6." United States v. Nishimiya, 137 Fed. 396, 69 C. C. A. 588.

In the case now before the court the collector of customs at San Francisco assessed the merchandise in question at the same rate as that prescribed for still wines, and, upon appeal, the Board of General Appraisers reversed this action, and held sake to be subject to duty as a nonenumerated manufactured article under section 6 of the tariff act of 1897. The United States, being dissatisfied with this decision, brought the case before the Circuit Court for the Northern District of California for review. The case was heard in that court upon the evidence adduced before the Board of General Appraisers, and additional evidence submitted by both parties under section 15, of the act of June 10, 1890 (26 Stat. 138, c. 407 [U. S. Comp. St. 1901, p. 1933]), and the decision of the Board of General Appraisers was affirmed (118 Fed. 125).

1. The question whether a nonenumerated article is similar to one named in the tariff act and for that reason subject to a like duty is one of fact. Wills v. Russell, 100 U. S. 621, 25 L. Ed. 607; Herrman v. Miller, 127 U. S. 363, 8 Sup. Ct. 1090, 32 L. Ed. 186. And the findings of the Board of General Appraisers as to that fact will not be disturbed by the court, unless clearly contrary to the evidence or when, in the proceeding for a review of its decision, evidence of a material character is presented to the court. In the present case the court has before it additional evidence not before the Board of General Appraisers, and the record is much more full and complete than that before the Circuit Court of the Southern District of New York and the Circuit Court of Appeals for the Second Circuit in the case of U. S. v. Nishimiya, above referred to. We must therefore determine the question of similitude here presented without aid from the ordinary presumption which would otherwise attach to the finding of the Board of General Appraisers, and the very great weight to which the decision of the courts, just mentioned, in the case of U. S. v. Nishimiya, would be entitled, if the record now before us was the

same as that submitted to those courts in that case. Section 7 of the Dingley tariff act provides that, when a nonenumerated article "is similar either in material, quality, texture, or the use to which it may be applied, to any article enumerated in the act, it shall pay the same rate of duty which is levied on the enumerated article which it most resembles, in any of the particulars before mentioned." One of the definitions of the word "similar" which is given in Webster's Dictionary is: "Nearly corresponding; resembling in many respects; somewhat alike; having a general likeness." We think it is in this sense the word is used in the section just quoted. The language of the statute is that each imported article not enumerated, which is similar "either in material, quality, texture, or the use to which it may be applied, shall pay the same rate of duty which is levied on the enumerated article which it most resembles, in any of the particulars, before mentioned"; thus showing clearly that the article need not be the same in all respects, but that the required similarity is shown if there is a resemblance, either in material, quality, texture, or the use to which it may be applied. And this similarity must, of course, be a real or substantial similitude in some one of the essential particulars named. Murphy v. Arnson, 96 U. S. 131, 24 L. Ed. 773; Arthur v. Fox, 108 U. S. 125, 2 Sup. Ct. 371, 27 L. Ed. 675; Waddell v. United States (C. C.) 124 Fed. 301. As neither wine nor sake has texture, the only possible resemblance between them must be in material, quality, or use.

It is claimed upon the part of the importer that there is no similarity in the material from which sake and still wine are made, as wine is a fermented product of the juice of grapes or other fruits, while sake is a product of the fermentation of rice, and made by a process similar to that employed in the manufacture of beer. This difference, however, in the original materials from which sake and wine are made is not in our opinion controlling, as the law in fixing the rate of duty concerns itself with the condition of the article at the time of importation. United States v. Schoverling, 146 U. S. 76, 13 Sup. Ct. 24, 36 L. Ed. 893; United States v. Wotton, 53 Fed. 344, 3 C. C. A. 553. The evidence discloses that there is some difference in the chemical composition of sake and still wine. This difference consists in the presence in one of a small percentage of certain substances not found in the other. The flavor of sake is somewhat different from that of wine, although in both there is an alcoholic taste. The evidence also shows that wine improves with age, while sake deteriorates. The best quality of sake will not keep for a longer period than one year. Wine may be diluted with water without spoiling it, but water added to sake will cause it to become flat within a day or two, and spoiled as a beverage. These are some of the differences in general characteristics which distinguish still wine from sake. But, on the other hand, in alcoholic strength there is a great similarity between sake and still wines, and alcohol is the principal ingredient in both sake and wine. In the particular importation involved in this case the percentage of alcohol is 18 per cent. and the evidence shows that in still wines the percentage of alcohol ranges between 11 and 16 per cent.

It thus appears that in alcoholic strength there is great similitude between sake and some still wines, and that in comparing one with the other the difference between them arises from the difference between the other ingredients, which constitute only a small percentage of their composition. The predominant substance in both is alcohol, and in our opinion, notwithstanding the difference in minor ingredients, there is by reason of the similarity in alcoholic strength a substantial similarity in the material which enters into the composition of the two articles. We think there is also a similitude in use between sake and still wine, both being drank for purposes of exhilaration, and both are capable of producing intoxication, although intoxication from the use of sake passes off more quickly than that produced by wine. The conclusion that there is a similarity between sake and still wine in the material of which they are compounded and in their use is somewhat strengthened by the facts before referred to: That in 1894 a claim was made by an importer of sake that it should be classed for duty as a still wine by similitude, the decision of the General Board of Appraisers upholding that contention, and the long acquiescence upon the part of importers in this classification. These facts tend strongly to show that in the opinon of merchants interested in the question the classification thus fixed was correct; and in a case like that before us, in which there is a conflict in the evidence, the facts referred to are entitled to great weight.

Judgment reversed.