(C.D. 2392)

A. L. ERLANGER CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided April 2, 1963)

*John D. Rode* for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Richard E. FitzGibbon* and *James F. O'Hara*, trial attorneys), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

FORD, Judge: The merchandise at issue consists of certain perlon staple fiber, not made from cellulose, a cellulose hydrate, a compound of cellulose, or a mixture containing any of the foregoing. The merchandise was assessed with duty at the rate of 15 per centum ad valorem under paragraph 1302 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, which provides as follows:

> Filaments of rayon or other synthetic textile, not over 30 inches long, other than waste, whether known as cut fiber, staple fiber, or by any other name_____ 15% ad val.

By virtue of the classification under said paragraph 1302, *supra*, the provisions of paragraph 1313 of the Tariff Act of 1930 become pertinent and provide as follows:

> Whenever used in this Act the terms "rayon" and "other synthetic textile" mean the product made by any artificial process from cellulose, a cellulose hydrate, a compound of cellulose, or a mixture containing any of the foregoing, which product is solidified into filaments, fibers, bands, strips, or sheets, whether such products are known as rayon, staple fiber, visca, or cellophane, or as artificial, imitation, or synthetic silk, wool, horsehair, or straw, or by any other name whatsoever.

Plaintiff contends the subject merchandise to be properly dutiable at the rate of 10 per centum ad valorem under the provisions of paragraph 1558 of the Tariff Act of 1930, as modified by said Torquay protocol, *supra*, as made effective by T.D. 52827, which provides as follows:

> Articles manufactured, in whole or in part, not specially provided for (except the following: coconut shell char; dog food; marine glue pitch; synthetic rubber and synthetic rubber articles; tall oil or liquid rosin; textile grasses or fibrous vegetable substances; and edible preparations for human consumption other than yeast) _____ 10% ad val.

By virtue of the decisions in *J.M.P.R. Trading Corp., Alltransport, Inc.* v. *United States*, 43 CCPA 1, C.A.D. 600, affirming 33 Cust. Ct. 226, C.D. 1658; *Same* v. *Same*, 37 Cust. Ct. 324, Abstract 60183; *United States* v. *Steinberg Bros.; Steinberg Bros.* v. *United States*, 47 CCPA 47, C.A.D. 727, affirming 41 Cust. Ct. 128, C.D. 2030, the defendant has abandoned the classification of the subject merchandise under the provisions of paragraph 1302 of said act, as modified, *supra*, and contends said merchandise to be properly dutiable under the provisions of paragraph 1201 of the Tariff Act of 1930, by virtue of the similitude provisions contained in paragraph 1559 of the Tariff Act of 1930, which provisions are as follows:

PAR. 1201. Silk partially manufactured, including total or partial degumming other than in the reeling process, from raw silk, waste silk, or cocoons, and silk noils exceeding two inches in length; all the foregoing, if not twisted or spun, 35 per centum ad valorem.

PAR. 1559. That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; and if any nonenumerated article equally resembles two or more enumerated articles on which different rates of duty are chargeable, there shall be levied on such nonenumerated article the same rate of duty as is chargeable on the article which it resembles paying the highest rate of duty; * * *.

The record in this case consists of a stipulation entered into by and between counsel for the respective parties and provides as follows:

1. That the merchandise the subject of the above entitled protest assessed with duty at the rate of 15% ad valorem under Paragraph 1302, Tariff Act of 1930 as modified, by virtue of Paragraph 1559 by similitude to rayon staple fiber, consists of perlon (nylon) staple fiber, not made from cellulose, a cellulose hydrate, a compound of cellulose, or a mixture containing any of the foregoing.

2. That the enumerated article chargeable with duty which said merchandise most resembles in material, quality, texture or the use to which it may be applied is filaments of rayon, not exceeding thirty inches in length, known as staple fiber, as provided for in Paragraph 1302, Tariff Act of 1930, as modified at the rate of 15% ad valorem.

3. That the enumerated article chargeable with duty which said merchandise next more nearly resembles in the particulars above mentioned is silk partially manufactured, not twisted or spun, as provided for in Paragraph 1201 of the Act aforesaid at the rate of 35 per centum ad valorem.

The foregoing stipulation states the classification herein was made under paragraph 1302 of the Tariff Act of 1930, as modified, by virtue of the similitude provisions contained in paragraph 1559 of said act. Although this portion of the stipulation is not determinative of the issue herein, an examination of the official papers establishes to our satisfaction that classification herein was made directly under said paragraph 1302, on the authority of *Holeproof Hosiery Co.* v. *United States*, 27 Cust. Ct. 176, C.D. 1366.

Based upon the foregoing stipulation and the definitions set forth in paragraph 1313, *supra*, plaintiff contends that since the imported perlon staple fiber is not made from cellulose, cellulose hydrate, a compound of cellulose, or a mixture containing any of the foregoing, its classification under paragraph 1302, either directly or by similitude, is precluded. Citing *J.M.P.R.* cases, *supra; United States* v. *Steinberg Bros.; Steinberg Bros.* v. *United States, supra.*

The parties agreed, by virtue of paragraph 2 of the stipulation, that the imported merchandise most resembles, in material, quality, texture, or use, rayon staple fiber. However, it is the position of plaintiff that the similitude provision is inoperative, since the imported merchandise most resembles rayon staple fiber, which, by virtue of the exclusionary provisions of paragraph 1313, *supra*, may not be classified by similitude thereunder. Citing *J.M.P.R.* cases, *supra.*

Hence, plaintiff contends said merchandise must fall within the purview of paragraph 1558 as a nonenumerated manufactured article.

This proposition of law is one of first impression, since there appears to be no decision on the point herein involved. However, in the *Steinberg* case, *supra*, the facts were present for the determination of the issue, and the result arrived at convinces us of the correctness of the conclusions reached herein. The *Steinberg* case, *supra*, involved nylon knitted fabric. The record, in that case, established that knitted silk fabric was replaced by rayon knitted fabric and, subsequently, rayon was supplanted to a great extent by nylon knitted fabric. Our appellate court found substantial similarity of use between the knitted silk, rayon, and nylon fabrics, although there were differences. The court therein found the classification directly under paragraph 1309 of the Tariff Act of 1930 to be erroneous and made the following comment:

* * * Upon initial consideration it would seem that this provision would support classification of the merchandise under paragraph 1309 as a material most resembling rayon. However, we agree with the position of the importer and the Government that such a classification would be improper. No application of the similitude provision of the statute can put merchandise into a classification from which it is expressly excluded. *Maher-App & Company* v. *United States*, 44 CCPA 22, C.A.D. 630; *Cresca Co. (Inc.) et al.* v. *United States*, 17 CCPA 83, T.D. 43376.

After making the foregoing statement, the court considered and held the merchandise to be properly classifiable under paragraph 1208 of said act, as a knit fabric, wholly or in chief value of silk, by virtue of the similitude provisions contained in paragraph 1559, *supra.*

It is our opinion that the similitude provisions may be applied only to such merchandise as the law permits. If an article most resembles an enumerated article but, by virtue of an exclusionary provision, the similarity clause could not be utilized, and if the imported article next

more nearly resembles another enumerated article, the former article may not be considered, but the latter may. Accordingly, the facts agreed upon in paragraph 3 of the stipulation, that it next most nearly resembles silk, partially manufactured, not twisted or spun, as provided for in paragraph 1201, *supra*, in effect becomes the article it most resembles for tariff purposes.

Ordinarily, when there is no exclusionary provision, the article it most resembles is controlling. If there is no such article, then classification is governed by the provisions of paragraph 1558, *supra*. The law itself takes into consideration when two or more articles equally resemble the nonenumerated article, but no provision is made in the statute when an exclusionary provision is involved, except by case law, as indicated, *supra*.

In the case of *Air Express Int'l Agency, Inc.*, and *Allied Service Agency, Ltd.* v. *United States*, 46 Cust. Ct. 163, C.D. 2251, certain plastic teeth, classified under paragraph 212 of the Tariff Act of 1930, as modified, were held to be excluded from classification thereunder, by virtue of the similitude provisions contained in paragraph 1559, since said paragraph 212, *supra*, contained an exclusionary provision. The exclusion therein related to material which, when broken, showed a "vitrified or vitreous, or semivitrified or semivitreous fracture." The court therein held the teeth involved to be properly subject to classification under paragraph 1558 of said act, as modified, *supra*.

That case is distinguishable factually from the case at bar. The decision therein in no manner indicates that the imported teeth resembled any article other than those enumerated in paragraph 212 of said act, as modified. Thus, the basic issue presented in this case was not present in the *Air Express Int'l Agency, Inc.*, case, *supra*.

Based upon the stipulation and the foregoing, it would appear that the involved staple fiber is properly subject to classification under paragraph 1201, *supra*, by virtue of the similitude clause contained in paragraph 1559, *supra*. Accordingly, we overrule the protest, without affirming the classification of the collector.

Judgment will be entered accordingly.