**No. 61832.**—Lyons Transport *v.* United States, protest 219705–K/4990 (Chicago).

FORD, Judge: The suit listed above challenges the action of the collector of customs in classifying certain imported merchandise as synthetic textile filaments, singles, not specially provided for, and levying duty thereon at the rate of 45 per centum ad valorem under paragraph 1301 of the Tariff Act of 1930. Plaintiff claims said merchandise to be properly dutiable at the rate of 20 per centum ad valorem under paragraph 1533 of said act, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, by reason of the similitude provisions of paragraph 1559, as catgut or manufactures thereof.

The pertinent provisions of the tariff act here involved are as follows:

Paragraph 1301 of the Tariff Act of 1930:

PAR. 1301. Filaments of rayon or other synthetic textile, single or grouped, and yarns of rayon or other synthetic textile, singles, all the foregoing not specially provided for, weighing one hundred and fifty deniers or more per length of four hundred and fifty meters, 45 per centum ad valorem; * * * *Provided,* That none of the foregoing filaments shall be subject to a less duty than 40 cents per pound,

and none of the foregoing yarns shall be subject to a less duty than 45 cents per pound. * * *

Paragraph 1533, as modified by T. D. 51802:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 1533 | Catgut, whip gut, oriental gut, and manufactures thereof, and manufactures of worm gut, not specially provided for_____ | 20% ad val. |

Paragraph 1559, Tariff Act of 1930:

PAR. 1559. That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; * * *.

At the trial of this case, counsel for the respective parties agreed that the imported material involved in this case is not a product made by any artificial process from cellulose, a cellulose hydrate, a compound of cellulose, or a mixture containing any of the foregoing.

In view of the foregoing stipulation, the pronouncements in *J. M. P. R. Trading Corp.* v. *United States*, 33 Cust. Ct. 226, C. D. 1658, affirmed *Same* v. *Same*, 43 C. C. P. A. (Customs) 1, C. A. D. 600, definitely removed the subject merchandise from classification under not only paragraph 1301, but from any other paragraph in schedule 13.

In our decision in the *J. M. P. R. Trading Corp.* case, *supra*, we held as follows:

In view of what we consider the very sound pronouncements in the authorities quoted above, we are satisfied that the involved merchandise cannot find classification by similitude under paragraph 1312 of the Tariff Act of 1930, as contended by counsel for the defendant, or under any of the other paragraphs contained in schedule 13, because the provisions of said paragraph 1313 are equally applicable to each of the paragraphs embraced in said schedule 13. To arrive at this conclusion, does not require a strict construction of said paragraph 1313 by this court. As heretofore stated, the Congress, by clear and unambiguous language, has excluded all merchandise from schedule 13, except "rayon" and "other synthetic textile" "made by any artificial process from cellulose, a cellulose hydrate, a compound of cellulose, or a mixture containing any of the foregoing." To give to said paragraph 1313 any other construction, would be nothing short of attempted judicial legislation. This we decline to do.

The only witness who testified in this case stated, without contradiction, that:

A. We imported the material and we did nothing to it, packaging the material, we jobbed it to sporting goods dealers and tennis professionals for restringing tennis racquets. And when a dealer buys a 600 yard reel he buys it because it's cheaper than individual sets, and he can take off as much length as he wants to restring one racquet. That was all used for tennis racquet stringing.

Q. As far as you know is there any other use for this material?—A. I can't think of any.

Based upon the facts in this case and following the *J. M. P. R. Trading Corp.* case, *supra*, we hold all the merchandise on the invoice covered by entry 10565 in this case, which was assessed with duty at 45 per centum ad valorem under paragraph 1301 of the Tariff Act of 1930, to be properly dutiable at 20 per centum ad valorem under paragraph 1533 of said act, as modified by T. D. 51802, by reason of the similitude provisions in paragraph 1559, as alleged by the plaintiff.

To the extent indicated, the specified claim in this suit is sustained; in all other respects and as to all other merchandise, all the claims are overruled. Judgment will be rendered accordingly.