(C. D. 2030)

STEINBERG BROS. *v.* UNITED STATES

United States Customs Court, Second Division

129

(Decided October 6, 1958)

*John D. Rode* for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Alfred A. Taylor, Jr.*, and *Richard H. Welsh*, trial attorneys), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

FORD, Judge: The merchandise covered by the suit under consideration is a knit nylon fabric which was invoiced as "Plain Locknit Nylon 30 Denier yarn on 32 gauge two bar machine (GREY)." The collector of customs classified this merchandise under the provisions of paragraph 1309 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, and as further modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T. D. 52739, as "Knit fabric, in the piece, of other synthetic textile." Accordingly, the merchandise was assessed with duty at 25 cents per pound and 30 per centum ad valorem.

Plaintiff claims said merchandise to be properly dutiable at 10 per centum ad valorem as "Articles manufactured, in whole or in part, not specially provided for," under paragraph 1558 of the Tariff Act of 1930, as modified by said Torquay protocol, *supra*, which rate became effective by the accession of Peru to said Torquay protocol, 86 Treas. Dec. 347, T. D. 52827. It is alternatively claimed by both parties that said merchandise is properly dutiable at 27½ per centum ad valorem under paragraph 1208 of the Tariff Act of 1930, as modified by said Torquay protocol, *supra*, by virtue of the similitude provision contained in paragraph 1559 of the Tariff Act of 1930, as similar to knit fabrics, in the piece, wholly or in chief value of silk.

The pertinent portions of the paragraphs involved herein are as follows:

Paragraph 1309 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802:

Knit fabric, in the piece, wholly or in chief value of rayon or
other synthetic textile------------------------------------------ 27½¢ per lb.
and 30%
ad val.

The above rate of 27½ cents per pound was further reduced to 25 cents per pound by virtue of the following language contained in the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T. D. 52739:

[Paragraph 1309]:

*    *    *    *    *    *    *

Note: The specific part of the rate of duty applicable to any product provided for in paragraph 1309, Tariff Act of 1930, but not
described above in this item, shall be ------------------------- 25¢ per lb.

Paragraph 1313 of the Tariff Act of 1930:

Whenever used in this Act the terms "rayon" and "other synthetic textile" mean the product made by any artificial process from cellulose, a cellulose hydrate, a compound of cellulose, or a mixture containing any of the foregoing, which product is solidified into filaments, fibers, bands, strips, or sheets, whether such products are known as rayon, staple fiber, visca, or cellophane, or as artificial, imitation, or synthetic silk, wool, horsehair, or straw, or by any other name whatsoever.

Paragraph 1208 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T. D. 52739:

Knit fabric, in the piece, wholly or in chief value of silk_____ 27½% ad val.

Paragraph 1558 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T. D. 52739, and 86 Treas. Dec. 347, T. D. 52827:

Articles manufactured, in whole or in part, not specially provided for__10% ad val.

In addition to the testimony adduced by two witnesses called on behalf of plaintiff and three witnesses called on behalf of defendant, counsel for the respective parties stipulated as follows:

First, that the merchandise in question consists of knit fabric in the piece wholly of nylon, not made from cellulose, a cellulose hydrate, or a compound of cellulose, or a mixture containing any of the foregoing.

It was further stipulated between counsel as follows:

Second, that if the court finds the merchandise is not dutiable either directly or by similitude under paragraph 1309, where it was assessed, that then the merchandise is not enumerated in the Tariff Act, and that the issue of similitude, if any, is limited to the provisions of paragraph 1208 providing for knit fabric in the piece, wholly or in chief value of silk.

The issue is, therefore, limited to whether the imported knitted nylon fabric is not enumerated in the Tariff Act of 1930 and is not similar in material, quality, texture, or use to any enumerated article and, therefore, properly dutiable under paragraph 1558 of the Tariff Act of 1930, as modified, *supra,* or whether said merchandise is properly dutiable directly under the provisions of paragraph 1309 of said act, as modified, *supra.* The question of similitude, by virtue of the stipulation, is limited as such to articles provided for under paragraph 1208 of the Tariff Act of 1930, as modified, *supra,* or paragraph 1309 of the Tariff Act of 1930, as modified, *supra.*

The classification of nylon under the synthetic textile schedule in the instant case under paragraph 1309 of the Tariff Act of 1930, as modified, *supra,* does not present a novel issue. The United States Court of Customs and Patent Appeals and this court have had this basic issue before them in determining the proper classification of nylon monofilament fishing lines. *J. M. P. R. Trading Corp., Alltransport, Inc.* v. *United States,* 43 C. C. P. A. (Customs) 1, C. A. D. 600, affirm-

ing 33 Cust. Ct. 226, C. D. 1658; *J. M. P. R. Trading Corp. and All-transport, Inc.* v. *United States*, 37 Cust. Ct. 324, Abstract 60183.

In the instant case, it was stipulated by and between counsel for the respective parties and made part of the record herein that the knit nylon fabric was not made from cellulose, cellulose hydrate, a compound of cellulose, or a mixture of any of the foregoing. In the *J. M. P. R.* case, *supra*, the Court of Customs and Patent Appeals held the nylon monofilament fishing lines involved therein to be properly dutiable as a manufacture of silk under paragraph 1211 of the Tariff Act of 1930, as modified, *supra*, by virtue of the similitude provision contained in paragraph 1559 of the Tariff Act of 1930, *supra*. In the instant case, no new evidence has been presented in support of the collector's classification under paragraph 1309 of the Tariff Act of 1930, as modified, *supra*. Defendant merely urges the court to reconsider the decisions in the *J. M. P. R.* cases, *supra*, on the grounds, heretofore presented, that tariff acts are written for the future and that it was the intent of Congress to include the involved merchandise within the purview of paragraph 1309 of the Tariff Act of 1930, as modified, *supra*.

Rules of construction are only intended to aid the court when the legislative language under consideration requires construction. If the language employed by Congress is so plain as to be readily understood, there is no necessity for the application of any of the rules of construction. *United States* v. *Max Littwitz, Inc.*, 18 C. C. P. A. (Customs) 341, T. D. 44588.

As previously indicated in the *J. M. P. R.* cases, *supra*, paragraph 1313 of the Tariff Act of 1930, *supra*, is a congressional definition, in clear and unambiguous language of the terms "rayon" and "other synthetic textile," which clearly limits all of the paragraphs contained in schedule 13 of the Tariff Act of 1930, to products made by any artificial process from cellulose, a cellulose hydrate, a compound of cellulose, or a mixture containing any of the foregoing.

While a limiting provision, such as is contained in paragraph 1313 of the Tariff Act of 1930, *supra*, is usually strictly construed, it is not necessary in the instant case to strictly construe said paragraph in view of the clear and unambiguous language employed by Congress. This language precludes from schedule 13 of the Tariff Act of 1930, *supra*, all merchandise except rayon or other synthetic textiles when made from any of the components set forth in paragraph 1313 of the Tariff Act of 1930, *supra*. To place any other construction on said paragraph 1313, *supra*, would be tantamount to judicial legislation.

Based upon the stipulation relating to the composition of the knitted nylon fabric involved herein and the authority and views set out above, we hold that the involved merchandise cannot find classi-

fication directly under the provisions of paragraph 1309, as modified, *supra*, as classified by the collector of customs.

It was further stipulated by and between counsel for the respective parties, and made part of the record herein, that the question of the applicability of the similitude provision of paragraph 1559, *supra*, is limited to paragraph 1208 of said act, as modified, *supra*, if the court does not find the merchandise to be properly dutiable, either directly or by similitude, under paragraph 1309 of the Tariff Act of 1930, *supra*. The merchandise was classified directly under paragraph 1309 of said act, as modified, *supra*, and counsel for defendant does not urge classification thereunder by virtue of the similitude provision contained in paragraph 1559, of said act, as modified, *supra*. Such classification was thoroughly analyzed and considered by this court in the *J. M. P. R.* case, *supra*, and we, therefore, deem it unnecessary to consider this matter any further, since nylon can not find classification under the synthetic textile schedule by virtue of similitude.

It is apparent from the foregoing, and an examination of the Tariff Act of 1930, that knitted nylon fabric is not enumerated therein. We must, therefore, consider whether the nylon fabric involved herein resembles any article enumerated in said act in material, quality, texture, or use. Subsequent to the instant importation, the Customs Simplification Act of 1954, 68 Stat. 1137, 19 U. S. C. section 1001, paragraph 1559, T. D. 53599, not involved herein, limited the similitude provision to use. If the merchandise in question is not enumerated and does not resemble an enumerated article in any one of the foregoing then, and only then, may the catchall provisions of paragraph 1558, of said act, as modified, *supra*, be put into effect.

Therefore, we must first consider whether the involved nylon fabric substantially resembles knitted fabric, in the piece, wholly or in chief value of silk in either material, quality, texture, or use. In determining this question, it is not necessary that we find the merchandise similar in all four categories. It is sufficient if the merchandise is similar in one of the respects stated. In *Corporacion Argentina de Productores de Carnes* v. *United States*, 29 C. C. P. A. (Customs) 288, C. A. D. 204, the court set forth the following principles of law as a guide in cases involving similitude:

(A) The similitude act applies only to nonenumerated articles. *Arthur* v. *Sussfeld*, 96 U. S. 128; *Moscahlades Bros.* v. *United States*, 13 Ct. Cust. Appls. 633, T. D. 41482, citing *United States* v. *Stouffer Co.*, 3 Ct. Cust. Appls. 67, T. D. 32351.

(B) The similitude provisions of tariff acts take precedence over the nonenumerated provisions. "If an article is found not enumerated in the tariff laws, then the first inquiry is whether it 'bears a similitude, either in material, quality, texture, or use to which it may be applied, to any article enumerated * * * was chargeable as [sic] with duty.'" *Arthur* v. *Fox*, 108 U. S. 125, 128. See also *United States* v. *Rice & Co.*, *supra*.

(C) The similitude provision does not require identity. "It must be borne in mind that the statute does not require identity; if that were necessary the statute would have no raison d'être." *United States* v. *Eckstein,* 222 U. S. 130, 136. *United States* v. *Conkey & Co.,* 12 Ct. Cust. Appls. 552, T. D. 40783.

(D) The similitude clause does not require that the resemblance should be in all four of the particulars mentioned—material, quality, texture, and use—a substantial similarity in one of those particulars being adequate. *United States* v. *Eckstein, supra; Hartmann Trunk Co.* v. *United States,* 27 C. C. P. A. (Customs) 254, 259, C. A. D. 95.

The record in the instant case establishes without contradiction that, for many years prior to 1939, there was in existence, in the trade and commerce of the United States, knitted silk fabric which was used for the manufacture of lingerie and gloves. The witnesses also agree that knitted silk fabric is not utilized in the manufacture of such items today and, in fact, is not being produced or manufactured in the United States at the present time. The record further establishes that lingerie and gloves, manufactured from knitted fabrics, are today made of rayon or nylon.

The language of paragraph 1208 of the Tariff Act of 1930, as modified, *supra,* alternatively contended by both parties is clearly an *eo nomine* provision. An *eo nomine* designation is controlled by the meaning of the language employed at the time of the passage of the tariff act. *Hawley & Letzerich et al.* v. *United States,* 19 C. C. P. A. (Customs) 47, T. D. 44893; *United States* v. *Belgam Corp. et al.,* 22 C. C. P. A. (Customs) 402, T. D. 47402.

Likewise, in considering the applicability of the similitude provision of paragraph 1559, *supra,* particularly with respect to use, we must consider use on or about June 17, 1930. In the instant case, knitted silk fabric was being utilized in the manufacture of lingerie and gloves on or about that date. Subsequently, with the improvement of rayon and the advent of nylon, both of these fabrics were utilized to produce the same articles to such an extent that said items are not presently being produced in knitted silk in the United States. Rayon was in existence on or about the date of the enactment of the Tariff Act of 1930, whereas nylon was not invented until a later date, yet, the use of knitted nylon fabric appears to have wholly supplanted the use of knitted silk fabric and partially supplanted the use of knitted rayon fabric in this country.

The fact that an article may replace another article is some indication of its similarity. However, the fact that knitted silk fabric may have been replaced by knitted rayon fabric, which subsequently was replaced by knitted nylon fabric, does not lessen the similitude of knitted nylon fabric to knitted silk fabric. Replacement, therefore, is not a requisite in applying the similitude clause.

The testimony of witness Anderson clearly establishes the differences between nylon and silk with respect to numerous characteristics:

All witnesses agree that nylon and silk are in fact different in many characteristics. In the case of *United States* v. *Dana et al.*, 99 Fed. 433, 434, the court made the following comment:

The terms of the section are satisfied if the use to which the two articles are adapted is similar, although in other particulars there may be no similarity between them. The use referred to is the "employment or effect in producing results." *Murphy* v. *Arnson*, 96 U. S. 133, 24 L. Ed. 773.

It is apparent in this case that while nylon and silk knitted fabrics are, in fact, two different articles having marked differences in their individual characteristics, the use to which they are or were put is for all practical purposes identical. We, therefore, can see no escape from the conclusion that the involved merchandise is substantially similar in use to the fabrics of silk provided for in paragraph 1208 of the Tariff Act of 1930, as modified, *supra*, as that product was admittedly used on or about the date of the enactment of the Tariff Act of 1930.

In addition to the evidence adduced establishing similarity of use of nylon and silk knitted fabric, the following information would seem to indicate that not only is there similarity in use but that nylon was synthesized to produce many of the properties of natural silk, as was rayon which was originally called artificial or imitation silk. *United States* v. *Straus & Co.*, 2 Ct. Cust. Appls. 395, T. D. 32164.

Encyclopedia of Chemical Technology, volume 13, page 814:

**Synthetic Fibers.**

\*    \*    \*    \*    \*    \*    \*

Probably no major product has ever timed its entry into the industrial field as well as nylon. Placed on the market in 1938, and possessing many of the properties of silk, it was immediately pressed into military use as soon as the supplies of this natural fiber were cut off as a result of the war with Japan. Without nylon for the fabrication of parachutes, glider tow ropes, and a thousand and one other military items, the war effort would have been severely handicapped.

In the apparel field it soon began to challenge silk for the construction of ladies' hosiery. In this use it was found to outlast silk several times over, and the word itself became synonymous with ladies' hose. Quickly expanding its field of utilization to the manufacture of other fine fabrics and garments at the end of the war, it has come to be regarded by many textile experts as the outstanding fiber among all natural and synthetic fibers.

Kingzett's Chemical Encyclopaedia, 8th edition, page 755:

**NYLON.**—A completely synthetic fibre, lustrous and silky in appearance, and relatively insensitive to moisture. The elastic recovery is superior to that of natural silk, and the tensile strength is equal to or greater than that of natural or artificial silk, or synthetic rayon.

\*    \*    \*    \*    \*    \*    \*

Nylon is especially adaptive for use in hosiery, as rope, as bristles for toothbrushes, for knitted and woven goods, for transparent wrapping film, and for plastic compositions, due to its notable toughness, strength, durability, and resistance to heat and chemicals.

We have considered and agree with the law cited by plaintiff that in cases involving similitude by use the similiarity in use must be substantial. The record in the case at bar amply supports the fact that nylon knitted fabric is substantially similar in use to silk knitted fabric, as that product was used.

Based upon the facts in this case, for the reasons stated, and following the cited authorities, we hold the knitted nylon fabric involved in this case to be properly dutiable at the rate of 27½ per centum ad valorem under paragraph 1208 of the Tariff Act of 1930, as modified, *supra*, by virtue of the similitude provision contained in paragraph 1559 of the Tariff Act of 1930.

To the extent indicated, the specified claim in this suit is sustained; in all other respects and as to all other merchandise, all claims are overruled. Judgment will be rendered accordingly.