(C. D. 2078)

EMPIRE BRUSHES, INC.
WOOD NIEBUHR & Co. } *v.* UNITED STATES

United States Customs Court, Second Division

(Decided May 4, 1959)

*Barnes, Richardson & Colburn* (*E. Thomas Honey* of counsel) for the plaintiffs.

*George Cochran Doub*, Assistant Attorney General (*Alfred A. Taylor, Jr.*, trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

FORD, Judge: This suit covers importations of bundles of Perlon filaments, approximately 24 inches in length, which are used in the manufacture of brushes. The collector of customs classified the imported merchandise as "Filaments of synth. textiles n/o 30″ in length" under the provisions of paragraph 1302 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, and assessed duty thereon at the rate of 15 per centum ad valorem.

Plaintiffs claim the merchandise to be properly dutiable at 10 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930, as modified by said Torquay protocol, *supra*, as made effective by the accession of Peru to said protocol, 86 Treas. Dec. 347, T.D. 52827, as "Articles manufactured, in whole or in part, not specially provided for." It is alternatively contended, and this claim is the one relied upon, that the Perlon filaments are properly dutiable at 3 cents per pound under the *eo nomine* provision for "bristles" contained in paragraph 1507 of the Tariff Act of 1930, by virtue of the similitude provision contained in paragraph 1559 of the Tariff Act of 1930.

The pertinent portions of the provisions involved herein are as follows:

Paragraph 1302 of the Tariff Act of 1930, as modified by T.D. 52739, *supra*:

Filaments of rayon or other synthetic textile, not over 30 inches long, other than waste, whether known as cut fiber, staple fiber, or by any other name_____ 15% ad val.

Paragraph 1313 of the Tariff Act of 1930:

Whenever used in this Act the terms "rayon" and "other synthetic textile" mean the product made by any artificial process from cellulose, a cellulose hydrate, a compound of cellulose, or a mixture containing any of the foregoing, which product is solidified into filaments, fibers, bands, strips, or sheets, whether

such products are known as rayon, staple fiber, visca, or cellophane, or as artificial, imitation, or synthetic silk, wool, horsehair, or straw, or by any other name whatsoever.

Paragraph 1507 of the Tariff Act of 1930:

Bristles, sorted, bunched, or prepared, 3 cents per pound.

Paragraph 1559 of the Tariff Act of 1930:

That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which is may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; and if any nonenumerated article equally resembles two or more enumerated articles on which different rates of duty are chargeable, there shall be levied on such non-enumerated article the same rate of duty as is chargeable on the article which it resembles paying the highest rate of duty; and on articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be chargeable if composed wholly of the component material thereof of chief value; and the words "component material of chief value," wherever used in this Act, shall be held to mean that component material which shall exceed in value any other single component material of the article; and the value of each component material shall be determined by the ascertained value of such material in its condition as found in the article. If two or more rates of duty shall be applicable to any imported article, it shall be subject to duty at the highest of such rates.

Counsel for the respective parties entered into a written stipulation of fact, which was duly approved by the court and reads as follows:

1. IT IS STIPULATED AND AGREED that the sample marked .020 inches consists of synthetic filaments known as Perlon, the same as the imported merchandise described on Entry 719160 in the above protest and that said sample, subject to the approval of the Court, be received in evidence as Exhibit 1.

2. IT IS STIPULATED AND AGREED that the sample marked .012 inches consists of synthetic filaments known as Perlon, the same, except for color, as the imported merchandise described on Entry 772590 in the above protest and that said sample, subject to the approval of the Court, be received in evidence as Exhibit 2.

3. IT IS STIPULATED AND AGREED that Exhibits 1 and 2 are the same, except for diameter size, as the merchandise described on Entry 730782 in the above protest.

4. IT IS FURTHER STIPULATED AND AGREED that the imported Perlon filaments, as represented by Exhibits 1 and 2, are not made from cellulose, a cellulose hydrate, a compound of cellulose, nor from a mixture containing any of the foregoing;

That, as imported, said Perlon filaments were in bundles, each containing only filaments of the same diameter, length and appearance, as represented by Exhibits 1 and 2.

In support of their claim, plaintiffs offered the testimony of five witnesses and introduced in evidence eight exhibits. The testimony

so .offered was to the effect that Perlon bristles were sold by them to brush manufacturers who produced nothing but brushes of various types, such as hair, tooth, shaving, bath, scrub brushes, cleaning brushes, etc. It would also appear that none of the witnesses knew of any use for the involved type of Perlon filaments other than in brush manufacturing. All of the witnesses were of the opinion that synthetic bristles, such as are involved herein, were used for the same purposes as hog bristles and have to a large extent replaced the natural bristles.

Based upon the facts contained in the stipulation, it is apparent that the classification of Perlon filaments, which are stipulated to be a synthetic filament, not made from cellulose, a cellulose hydrate, a compound of cellulose, or a mixture of any of the foregoing, is erroneous. It is now well-established law that such an item is precluded from classification under any of the provisions in schedule 13 of the Tariff Act of 1930, by virtue of the language contained in paragraph 1313 of said act, *supra. J.M.P.R. Trading Corp., Alltransport, Inc.* v. *United States*, 43 C.C.P.A. (Customs) 1, C.A.D. 600, affirming 33 Cust. Ct. 226, C.D. 1658; *J.M.P.R. Trading Corp. and Alltransport, Inc.* v. *United States*, 37 Cust. Ct. 324, Abstract 60183; *Steinberg Bros.* v. *United States*, 41 Cust. Ct. 128, C.D. 2030, presently under appeal, suits 4985 and 4986.

The issue therefore resolves itself as to whether the imported merchandise is properly dutiable under paragraph 1507, *supra*, by virtue of the similitude provision contained in paragraph 1559, *supra*, or properly within the purview of the provisions of paragraph 1558, *supra*. It is well established that merchandise cannot be classified under the "nonenumerated" paragraph of the tariff act, unless it cannot be classified under some other paragraph, either directly or by similitude, *Ringk & Co.* v. *United States*, 13 Ct. Cust. Appls. 126, T.D. 40960.

Accordingly, the alternative claim of plaintiffs under paragraph 1507, *supra*, by virtue of the similitude provision contained in paragraph 1559, *supra*, must be first considered. As indicated, *supra*, Perlon, nylon, or any synthetic textile, not composed of any of the components provided for in paragraph 1313, *supra*, is precluded from classification under any paragraph contained in schedule 13 of this act.[1] Similitude is, of course, a question of fact to be determined by the evidence submitted by the parties and, in order to control, the classification of imported merchandise must be substantial as to material, quality, texture, or use. *United States* v. *F. W. Myers & Co., Inc.*, 29 C.C.P.A. (Customs) 34, C.A.D. 168. In determining

[1] Paragraph 1313, amended by Public Law 85-645, T.D. 54676, effective September 13, 1958, not controlling herein.

classification by similitude, it is only necessary that the imported merchandise be substantially similar to any one of the standards set forth in paragraph 1559, *supra*, i.e., material, quality, texture, or the use to which it may be applied. *J.M.P.R.* case, *supra*; *Steinberg Bros.* case, *supra*; *Hartmann Trunk Co.* v. *United States*, 27 C.C.P.A. (Customs) 254, C.A.D. 95. To constitute similitude of use, the results of the use must be substantially the same and achieved substantially the same way. *United States* v. *Wescolite Co.*, 45 C.C.P.A. (Customs) 54, C.A.D. 672.

Based upon the record herein, we are of the opinion that plaintiffs have established that the Perlon filaments imported, utilized in the manufacture of brushes, fall clearly within the provision of paragraph 1507, *supra*, by operation of the similitude provision contained in paragraph 1559, *supra*, as claimed.

In view of our conclusion, it is unnecessary to discuss the other contention of plaintiffs that said merchandise is dutiable under the provisions of paragraph 1558, *supra*.

Judgment will be entered accordingly.