test was filed too late, the protest was dismissed. It was noted that the infirmity of untimeliness would exist, even if plaintiff's earliest letter of inquiry to the collector could be deemed a protest.

**No. 63580.**—Penson and Company *v.* United States, protest 59/10751 (New York).

Opinion by DONLON, J. An examination of the official papers showing that the protest was filed more than 60 days after liquidation, the protest was dismissed as untimely, by virtue of section 514, Tariff Act of 1930.

BEFORE THE FIRST DIVISION, DECEMBER 10, 1959

**No. 63581.**—Electric & Musical Industries (U.S.), Ltd., et al. *v.* United States, protests 297089–K, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of recording tapes similar in all material respects to those the subject of *Electric & Musical Industries (US), Ltd.* v. *United States* (42 Cust. Ct. 87, C.D. 2070), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, DECEMBER 10, 1959

**No. 63582.**—Empire Brushes, Inc., and Wood Niebuhr & So. et al. *v.* United States, protests 279186–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of synthetic filaments similar in all material respects to those the subject of *Empire Brushes, Inc., et al.* v. *United States* (42 Cust. Ct. 145, C.D. 2078), the claim of the plaintiffs was sustained.

**No. 63583.**—The Hague Laral Trading Corp. and Laral Trading Corp. *v.* United States, protests 310895–K and 324560–K (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of synthetic filaments similar in all material respects to those the subject of *Empire Brushes, Inc., et al.* v. *United States* (42 Cust. Ct. 145, C.D. 2078), the claim of the plaintiffs was sustained.

No. 63584.—Wear Ever Baby Carriage Co., Inc., et al. *v.* United States, protests 58/8910, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that certain items of the merchandise consist of ribbon similar in all material respects to those the subject of *Beer Stern Import Corp.* v. *United States* (39 Cust. Ct. 294, C.D. 1944), except that the merchandise herein is velvet pile ribbon, wholly or in chief value of cotton, the claim of the plaintiffs was sustained.

No. 63585.—Beer Stern Import Corp. *v.* United States, protests 58/22065, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that certain items of the merchandise consist of narrow woven fabrics of cotton similar in all material respects to those the subject of *Beer Stern Import Corp.* v. *United States* (39 Cust. Ct. 294, C.D. 1944), the claim of the plaintiff was sustained.

No. 63586.—Roberts Reilly & Sons *v.* United States, protests 280452–K(A) and 301972–K (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of studs and nails similar in all material respects to those the subject of *Fastening Devices, Inc., et al.* v. *United States* (40 Cust. Ct. 345, C.D. 2004), the merchandise was held dutiable as follows: (1) The items marked "A" at 15 percent under the provision in paragraph 332, as modified, *supra*, for machined studs; (2) the items marked "B" at two-tenths of 1 cent per pound under the provision in paragraph 331, as modified, *supra*, for nails, made of iron or steel wire, not less than 1 inch in length nor smaller than sixty-five one-thousandths of 1 inch in diameter; and (3) the items marked "C" at 1½ cents per pound under paragraph 331 of the act as steel nails, not specially provided for.