BEFORE THE SECOND DIVISION, MARCH 11, 1960

**No. 63947.**—Robert E. Landweer & Co. and Seattle Marine & Fishing Supp. Co. et al. *v.* United States, protests 59/8910, etc. (Seattle and New Orleans).

FORD, Judge: The suits listed in schedule "A," annexed hereto and made a part hereof, contest the action of the collector of customs at the ports of Seattle, Wash., and New Orleans, La., in assessing duty on various fishing nets. The merchandise consists of two types of fishing nets, seine and purse seine nets made of manryo or marlon, and gill nets made of nylon. The nylon gill nets were assessed with duty at the rate of 25 cents per pound and 35 per centum ad valorem under the provisions of paragraph 1312 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and the Torquay Protocol to the General Agreement of Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739. The purse seine nets were assessed with duty under said paragraph 1312 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, at the rate of 25 cents per pound and 33 per centum ad valorem or 25 cents per pound and 31½ per centum ad valorem, depending upon the date of entry.

It is the position of plaintiffs that the classification of the imported fishing nets under paragraph 1312, *supra*, is erroneous, in view of the cases of *J. M. P. R. Trading Corp., Alltransport, Inc.* v. *United States,* 43 C.C.P.A. (Customs) 1,

C.A.D. 600, affirming *Same* v. *Same*, 33 Cust. Ct. 226, C.D. 1658; *J. M. P. R. Trading Corp. and Alltransport, Inc.* v. *United States*, 37 Cust. Ct. 324, Abstract 60183; *Lyons Transport* v. *United States*, 40 Cust. Ct. 521, Abstract 61832; and *Empire Brushes, Inc.*, and *Wood Niebuhr & Co.* v. *United States*, 42 Cust. Ct. 145, C.D. 2078. To the foregoing, we might add the case of *United States* v. *Steinberg Bros.*, 47 C.C.P.A. (Customs) 47, C.A.D. 727.

Based upon this theory, plaintiffs contend that the seine nets are properly dutiable at the rate of 25 per centum ad valorem under paragraph 923 of the Tariff Act of 1930, as modified by the protocol of terms of accession by Japan to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, supplemented by T.D. 53877, by virtue of the similitude provision of paragraph 1559 of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1954, 19 U.S.C., section 1001, paragraph 1559, T.D. 53599, as nets, similar in use to cotton fishing nets. With respect to the gill nets, it is the position of plaintiffs that said gill nets are properly dutiable at 22½ per centum ad valorem under paragraph 1006 of the Tariff Act of 1930, as modified by said protocol of terms of accession by Japan, T.D. 53865, and T.D. 53877, *supra*, by virtue of the similitude clause contained in paragraph 1559 of the Tariff Act of 1930, as amended, *supra*, as gill nets, wholly or in chief value of flax or ramie.

The record in this case consists of the testimony of two witnesses and the introduction of eight exhibits. The unrebutted testimony of these witnesses establishes that seine nets are used to gather fish into a purse. The mesh of the net must be smaller than the fish in order to prevent them from entering the mesh. Gill nets are used to catch fish by gilling them, that is, to catch them when their heads enter the mesh. Prior to the advent of the involved synthetics, the witnesses had established that seine nets were almost always made of cotton, while gill nets were made of linen and possibly ramie.

At the hearings, it was stipulated by and between counsel for the respective parties that the involved synthetic nets are not made from any products made by any artificial process from cellulose, a cellulose hydrate, a compound of cellulose, or a mixture containing any of the foregoing.

Based upon the record and following the authorities cited herein, we hold that the manryo and marlon seine or purse seine nets are properly dutiable at 25 per centum ad valorem under paragraph 923 of the Tariff Act of 1930, as modified, *supra*, by virtue of the similitude clause contained in paragraph 1559, as amended, *supra*, as cotton fish netting; and that the nylon gill nets are properly dutiable at the rate of 22½ per centum ad valorem under paragraph 1006 of the Tariff Act of 1930, as modified, *supra*, by virtue of the similitude clause contained in paragraph 1559 of the Tariff Act of 1930, as amended, *supra*, as gill nets, wholly or in chief value of flax or ramie.

Counsel for the plaintiffs referred to certain marlon and nylon twine in their brief but, no claim having been made in the protests covering said merchandise, the matter is not properly before the court for determination.

To the extent indicated, the protest is sustained; in all other respects and as to all other merchandise, all the claims are overruled. Judgment will be rendered accordingly.