1. That the merchandise included in Invoice No. 2404 of September 22, 1956 issued by Union Sills & Van de Loo, Frondenberg, Ruhr, English Zone, Germany, in this protest, consisting of 100 cases of bicycle pedals No. 351, was appraised by the Appraiser at the entered value;

2. That the entered value of Invoice No. 2404 is invoice unit value, net, packed;

3. That the Collector's liquidation was erroneously based on invoice unit value plus 13% net, packed;

4. That the correct dutiable value of said bicycle pedals No. 351 is invoice value, net, packed;

5. That no notice of appraisement was given to the consignee, its agent, or its attorney with respect to the merchandise included in said Invoice No. 2404;

6. That this liquidation be declared void and that the entry should be returned to the Collector for liquidation based on the correct dutiable value.

Upon the facts before the court, we hold that the final appraised value of the bicycle pedals No. 351 on invoice No. 2404 covered by the entry accompanying the protest herein, as that value is defined in section 503 of the Tariff Act of 1930 (19 U.S.C. § 1503), as amended by the Customs Simplification Act of 1953, 88 Treas. Dec. 186, T.D. 53318, is the invoice unit value, net, packed, and that, therefore, the collector of customs erroneously liquidated said merchandise on the basis of invoice unit value, plus 13 percent net, packed.

Judgment will issue accordingly.

**No. 65013.**—Alfred Koblit *v.* United States, protest 60/13759–11297 (Chicago).

Opinion by Lawrence, J. The protest was dismissed.

**No. 65014.**—Kaiser Reismann Corporation *v.* United States, protests 59/15447 and 59/15448 (New York).

Opinion by Ford, J. In accordance with stipulation of counsel that the merchandise consists of synthetic filaments similar in all material respects to those the subject of *Empire Brushes, Inc.,* and *Wood Niebuhr & Co.* v. *United States* (42 Cust. Ct. 145, C.D. 2078), the claim of the plaintiff was sustained.

**No. 65015.**—Kaiser Reismann Corp. *v.* United States, protests 59/26382, etc. (New York).

Opinion by Ford, J. In accordance with stipulation of counsel that the merchandise consists of synthetic filaments similar in all material respects to those the subject of *Empire Brushes, Inc.,* and *Wood Niebuhr & Co.* v. *United States* (42 Cust. Ct. 145, C.D. 2078), the claim of the plaintiff was sustained.

**No. 65016.**—Kaiser Reismann Corporation *v.* United States, protests 59/27496 and 59/28137 (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of synthetic filaments similar in all material respects to those the subject of *Empire Brushes, Inc.*, and *Wood Niebuhr & Co.* v. *United States* (42 Cust. Ct. 145, C.D. 2078), the claim of the plaintiff was sustained.

No. 65017.—Gimbel Bros., Inc., et al. *v.* United States, protests 149966–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of candlesticks similar in all material respects to those the subject of Abstract 62036, except that they are not plated with platinum, gold, or silver, nor colored with gold lacquer, the claim of the plaintiffs was sustained.

No. 65018.—Bergdorf Goodman Co. et al. *v.* United States, protests 169237–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of candlesticks similar in all material respects to those the subject of Abstract 62036, except that they are not plated with platinum, gold, or silver, nor colored with gold lacquer, the claim of the plaintiffs was sustained.

No. 65019.—Amerex Trading Corp. *v.* United States, protests 269675–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of meat holders similar in all material respects to those the subject of Abstract 63928, the claim of the plaintiff was sustained.