**No. 65029.**—Kaiser Reismann Corp. v. United States, protest 58/24605 (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of synthetic filaments similar in all material respects to those the subject of *Empire Brushes, Inc.*, and *Wood Niebuhr & Co.* v. *United States* (42 Cust. Ct. 145, C.D. 2078), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, JANUARY 9, 1961

**No. 65030.**—A. N. Deringer, Inc. v. United States, protest 59/4320 (Ogdensburg).

DONLON, Judge: The claim in this protest is that part of a shipment of canned dog food, consisting of cans, labels, and cartons of United States origin, assessed with duty under paragraph 1558 of the Tariff Act of 1930, as modified, should be free of duty under paragraph 1615 as American goods returned.

At trial in Rouses Point, N.Y., the invoices, entries, and papers transmitted by the collector were received in evidence. Counsel submitted the protest on the following stipulation:

MR. SCHWARTZ: We stipulate with Government counsel as follows: The cans in which the dog food was imported, and the labels on the cans, were of the produce or manufacture of the United States, which were returned after having been exported without having been advanced in value or condition by any process of manufacture or other means, and further that the regulations prescribed by the Secretary of the Treasury under paragraph 1615, Tariff Act of 1930, as amended, were complied with.

MR. TAYLOR: Your Honor, I have conferred with Mr. Cummings, who handled this matter, and after conferring with him, I agree to the stipulation.

Although the protest claim includes cartons, there are no proofs as to cartons. It does appear, from the official papers in evidence, that the cans and labels were separately appraised and that they were assessed with duty at 10 per centum ad valorem under paragraph 1558. It is this duty that plaintiff now litigates.

The collector's report, in evidence, advises that he reviewed the protest under section 515 of the Tariff Act of 1930 and inadvertently failed to reliquidate within the time allowed by statute for him to do so.

On this record and stipulation, which we accept as statements of facts, we hold that the cans and labels are entitled to free entry under paragraph 1615(a) of the Tariff Act of 1930, as amended, as American goods returned.

To the extent indicated, the protest is sustained. In all other respects and as to all other merchandise, the protest is overruled.

Judgment will be entered accordingly.