BEFORE THE SECOND DIVISION, AUGUST 24, 1964

No. 68744.—Judson-Sheldon and Pacific Wood Products Co. v. United States, protest 61/19097 (Los Angeles).

FORD, Judge: Plaintiffs by this action challenge the classification by the collector of certain vinyl seat covers which were assessed with duty at the rate of 25 cents per pound and 30 per centum ad valorem under the following provisions of paragraph 1312 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, by virtue of the similitude provision of paragraph

1559(a) [1] of said act, as amended by the Customs Simplification Act of 1954, 68 Stat. 1137 (T.D. 53599) :

Manufactures of filaments, fibers, yarns, or threads, of rayon or other synthetic textile, and textile products made of bands or strips (not exceeding 1 inch in width) of rayon or other synthetic textile, all the foregoing, wholly or in chief value of rayon or other synthetic textile, not specially provided for (except gill nets or netting) _____25¢ per lb. and 30% ad val.

Plaintiffs primarily rely upon their claim that said merchandise is similar to leather seat covers which are covered by the provision of paragraph 1531 of said act, as modified by the Sixth protocol, *supra*. Alternatively, it is contended that said merchandise is properly dutiable at 10 per centum ad valorem as articles manufactured in whole or in part, not specially provided for, under paragraph 1558 of said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as put into effect by T.D. 52827.

The pertinent portions of paragraph 1531, as modified, *supra*, are as follows:

Manufactures of leather (except reptile leather), rawhide, or parchment, or of which leather (except reptile leather), rawhide, or parchment is the component material of chief value, not specially provided for (not including bags, baskets, belts, satchels, pocketbooks, jewel boxes, portfolios, other boxes and cases, or any articles permanently fitted and furnished with traveling, bottle, drinking, dining or luncheon, sewing, manicure, or similar sets; and except the following: coin purses, change purses, billfolds, bill cases, bill rolls, bill purses, banknote cases, currency cases, money cases, cardcases, license cases, pass cases, passport cases, letter cases, and similar flat leather goods; belts and buckles designed to be worn on the person, and strops and straps) :

\*        \*        \*        \*        \*        \*        \*

Other _____ 10½% ad val.

The record herein consists of the testimony of two witnesses called on behalf of the plaintiffs and five exhibits. Plaintiffs' exhibits 1 and 2 consist of a seat cushion and back cushion of black vinyl leather, respectively, representing the imported merchandise. Plaintiffs' illustrative exhibit 3 consists of a swatch card showing the various colors of vinyl leather seat covers which are imported. Plaintiffs' illustrative exhibit 4 consists of a striped fabric rayon seat cover and exhibit 5 is a two-tone rayon seat cover.

The testimony adduced herein is to the effect that said imported vinyl seat covers are filled with foam rubber and are used as parts of chairs; that they are usually used in waiting rooms, reception rooms, offices, and dens, and resemble leather; whereas rayon seat covers are usually used as parts of chairs in the home. An examination of the imported articles, plaintiffs' exhibits 1 and 2, confirms the fact that said seat covers resemble a smooth grain leather. Accordingly, it would appear plaintiffs' exhibits 1 and 2 are used in substantially the same manner as plaintiffs' illustrative exhibits 4 and 5 but usually used in different locations as indicated, *supra*.

While the classification by the collector of customs carries with it a presumption of correctness, the assessment of duty of the imported merchandise under

---

[1] PAR. 1559. (a) Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any nonenumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.

the provisions of paragraph 1312, as modified, *supra*, by virtue of the similitude provision contained in paragraph 1559(a), as amended, *supra*, may be reviewed by the court. It is to be noted that the classification under paragraph 1313 of the Tariff Act of 1930, as amended by T.D. 54676, and 1559(a), as amended by the Customs Simplification Act of 1954, are both by virtue of amendments to said paragraphs. In a recent decision by this court in the case of *Robert E. Landweer & Co., Inc.*, and *Consolidated Net & Twine Company, Inc.* v. *United States*, 52 Cust. Ct. 122, C.D. 2448, an examination of the amendment of paragraph 1313, *supra*, was considered. We therein indicated that paragraph 1313, as amended, *supra*, was divided into two portions, the first being:

As used in this title, the term "rayon or other synthetic textile", means any fiber, filament, or fibrous structure, * * *.

and the second being:

* * * and any band or strip (suitable for the manufacture of textiles) not over one inch in width, * * *.

The court then made the following comment:

The use of the term "synthetic textile" in the first portion of said definition, as amended, *supra*, is intended to encompass any synthesized product in the form of fiber, filament, or fibrous structure, derived from cellulosic or noncellulosic material by chemical processes. It is, therefore, apparent that said definition is the description of a product so produced and does not necessarily relate to a product capable of being transformed into a fabric. * * *

In this case the second portion of said paragraph 1313, as amended, *supra*, must also be considered and obviously refers to a band or strip not over 1 inch in width which is suitable for the manufacture of textiles. An examination of the imported samples and the record indicates they are made of vinyl plastic, which obviously is not manufactured from a fiber, filament, or fibrous structure, nor is it made from a band or strip not over 1 inch in width. Accordingly, by the definition contained in paragraph 1313, as amended, *supra*, as well as the paragraph under which the merchandise was classified, paragraph 1312, as modified, *supra*, the imported merchandise could not properly be subject to classification as classified. *J.M.P.R. Trading Corp., Alltransport, Inc.* v. *United States*, 43 CCPA 1, C.A.D. 600, affirming 33 Cust. Ct. 226, C.D. 1658; *United States* v. *Steinberg Bros., Steinberg Bros.* v. *United States*, 47 CCPA 47, C.A.D. 727, affirming *Steinberg Bros.* v. *United States*, 41 Cust. Ct. 128, CD. 2030.

The court of appeals recently in *A. L. Erlanger Co., Inc.* v. *United States*, 51 CCPA 51, C.A.D. 836, although construing paragraph 1313 as originally enacted, reaffirmed the principle enunciated in the cases cited, *supra*, to the effect that the exclusionary language of paragraph 1313 renders the merchandise nonclassifiable either directly or by similitude. The definition contained in paragraph 1313, *supra*, likewise is exclusionary and, therefore, any synthetic article not falling within the definition cited therein may not be subject to classification either directly or by similitude.

Even though the classification herein is erroneous, it is incumbent upon plaintiffs herein to establish that the imported merchandise is not similar to other enumerated articles. The record herein does establish that the use as chair cushions of leather or of exhibits 1 and 2 is the same as the use of rayon seat covers such as plaintiffs' illustrative exhibits 4 and 5. The court can also conceivably see the use of other materials for the same purpose. However, paragraph 1559(a) provides that if any nonenumerated article equally resembles two or more enumerated articles, it shall be subject to the rate of duty applicable to the one it most resembles in respect of the materials of which it is composed.

In view of the foregoing, it is apparent that the imported merchandise most resembles in material leather seat covers. It is also apparent that the vinyl has a smooth surface finish and, therefore, is not similar to reptile leather.

In view of the foregoing authorities we hold the imported vinyl seat covers to be properly dutiable under the provisions of paragraph 1531 of the Tariff Act of 1930, as modified, *supra*, by virtue of the similitude provisions contained in paragraph 1559(a), as amended, *supra*. The protest is, accordingly, sustained. Judgment will be entered accordingly.