(C.D. 2848)

PACIFIC WOOD PRODUCTS Co. v. UNITED STATES

United States Customs Court, Second Division

(Decided December 12, 1966)

*Glad & Tuttle* (*Edward N. Glad* of counsel) for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General (*Arthur H. Steinberg* and *Alfred A. Taylor, Jr.*, trial attorneys), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The merchandise covered by the entries in these consolidated protests consists of finished wooden frames for chairs, rockers, sofas, settees, and ottomans together with rayon cushion covers and plastic vinyl cushion covers.

The frames for the chairs, rockers, and settees were classified under the provisions of paragraph 412, Tariff Act of 1930, as modified by the

Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as chairs at the rate of 17 per centum ad valorem. The frames for the sofas and ottomans were classified under the provisions of said paragraph, as modified, as other furniture, at the rate of 10½ per centum ad valorem. Plaintiff does not protest the classification of these wooden frames.

The rayon seat covers were classified under the provisions of paragraph 1312 of said act, as so modified, as manufactures of synthetic textile, wholly or in chief value of rayon, not specially provided for, at the rate of 25 cents per pound and 30 per centum ad valorem. The plastic vinyl covers also were classified under the same provision by virtue of the similitude provision of paragraph 1559, as amended by the Customs Simplification Act of 1954, T.D. 53599, 19 U.S.C., section 1001. It is the classification of the covers that is the subject of these protests.

Primarily, plaintiff claims that the covers should be dutiable as entireties with the frames for the chairs, rockers, sofas, settees, and ottomans at the same rates of duty and under the same paragraph as said articles were classified. Alternatively, insofar as the plastic vinyl covers are concerned, in the event they are held not to be entireties, plaintiff contends they are properly dutiable at 10½ per centum ad valorem as manufactures of leather, under paragraph 1531, as modified by T.D. 54108, by virtue of the similitude provision of paragraph 1559(a), as amended by the Customs Simplification Act of 1954.

The pertinent provisions of the applicable statutes are as follows:

Paragraph 1312, as modified by T.D. 54108:

Manufactures of filaments, fibers, yarns, or threads, of rayon or other synthetic textile, and textile products made of bands or strips (not exceeding 1 inch in width) of rayon or other synthetic textile, all the foregoing, wholly or in chief value of rayon or other synthetic textile, not specially provided for (except gill nets or netting) _____ 25¢ per lb. and 30% ad val.

Paragraph 412, as modified, *supra:*

Furniture, wholly or partly finished, and parts thereof, wholly or in chief value of wood, and not specially provided for:
    Chairs_____ 17% ad val.
    Other furniture_____ 10½% ad val.

Paragraph 1531, as modified, *supra:*

Manufactures of leather (except reptile leather), rawhide, or parchment, or of which leather (except reptile leather), rawhide or parchment is the component material of chief value, not specially provided for (not including bags, baskets, belts, satchels, pocketbooks, jewel boxes, portfolios, other boxes and cases, or any articles permanently fitted and furnished with traveling, bottle, drinking, dining or luncheon, sewing, manicure or similar sets; and except the following: coin purses, change purses, billfolds, bill cases, bill rolls, bill purses, banknote cases, currency cases, money cases, cardcases, license cases, pass cases, passport cases, letter cases, and similar flat leather goods; belts and buckles designed to be worn on the person, and strops and straps) :

\*      \*      \*      \*      \*      \*      \*

Other_____ 10½% ad val.

Paragraph 1559, as amended by the Customs Simplification Act of 1954:

(a) Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any nonenumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.

The record consists of the testimony of one witness called on behalf of plaintiff, and one exhibit (plaintiff's collective exhibit 1) consisting of two samples which are representative of the covers made of rayon. The entry papers, the customs invoices, and the commercial invoices were received in evidence without being marked.

The substance of the witness' testimony was that plaintiff, from 1959 through February 1963, imported "mostly" the casual-type furniture—wooden frames which had loose seat covers and cushions which were used with the frames. This style of furniture required, and was designed to use, cushions for the back and seat, and could not be used otherwise. The bottom section had a group of rubber straps across and the back was at a pitch so that without seat cushions, one could not properly sit on it.

The record evidence shows that the wooden frames could not be used without cushions for the back and seat. The wooden frames and the cushion covers were ordered together but on separate purchase orders. The wooden frames were sold with the cushion covers as a complete unit. Before the furniture frames and cushion covers

were sold, the covers, equipped with zippers, were stuffed with poly-foam, which was not imported, but purchased locally. The cushion covers could not be used, and never were sold, without being stuffed.

Plaintiff contends that this evidence is sufficient to show that the wooden frames together with the cushion covers constitute, as an entirety, unfinished furniture, in chief value of wood.

Paragraph 412, *supra*, under consideration herein, insofar as the question of entireties is concerned, covers furniture wholly or partly finished and wholly or in chief·value of wood. Accordingly, it is incumbent upon plaintiff herein to affirmatively establish the component material in chief value of the entirety which it is claimed to be. The record herein is barren of any substantial evidence that the articles, if considered entireties, are wholly or in chief value of wood. The only evidence along this line which was introduced by plaintiff was the invoices which, it was contended, "amply illustrate that the wooden chairs, rockers, settees, ottoman and sofa frames with the value of the cushion covers included would still be in chief value of wood."

In determining the chief value of merchandise, "value," when used in this connection does not, of course, relate to the invoiced or dutiable values of the parts of an article. *United States* v. *Mrs. S. Bacharach*, 18 CCPA 353, T.D. 44612. Therefore, the separate prices invoiced to the importer for the parts of the imported "entirety" are insufficient proof of the component material of chief value of the "entirety," since they represent the prices paid by the importer rather than the costs to the manufacturer of the separate parts. *United States* v. *Rice-Stix Dry Goods Co.*, 19 CCPA 232, T.D. 45337. Accordingly, since there is no competent evidence in the record to establish the component material of chief value, we find it unnecessary to consider the issue of entireties claimed by plaintiff.

In support of its alternate claim, plaintiff relies upon the decision in *Judson-Sheldon and Pacific Wood Products Co.* v. *United States*, 53 Cust. Ct. 255, Abstract 68744. In that case, certain plastic vinyl covers were classified, by virtue of the similitude provision of paragraph 1559, under paragraph 1312, Tariff Act of 1930, as modified, as manufactures of rayon and claimed to be properly dutiable as manufactures of leather under paragraph 1531, by virtue of the similitude provision of paragraph 1559(a).

This court held in the *Judson-Sheldon* case, *supra*, that vinyl plastic which obviously is not manufactured from a fiber, filament, or fibrous structure, could not properly be classified under paragraph 1312, Tariff Act of 1930, as modified. The plastic vinyl seat covers involved herein are likewise improperly classified. However, even though the classification is, for the reasons set forth in the *Judson-Sheldon* case, *supra*, erroneous, it is incumbent upon plaintiff to establish the cor-

rectness of its claim that the plastic seat covers are similar to leather seat covers. In *Judson-Sheldon*, we found sufficient proof of such a claim both in the record, which showed that the use of the plastic seat covers there involved was the same as the use of leather seat covers, and also in the fact that the plastic vinyl seat covers there involved most resembled, in respect of the materials of which they were composed, leather seat covers. The record in *Judson-Sheldon* was not incorporated in the case at bar, so we are deprived of such oral testimony as might be of assistance as well as the physical exhibit of the vinyl cover. Accordingly, the court has no such testimony or physical exhibits to consider for the purpose of determining what the imported articles most resemble in respect to the materials of which they are composed as it did in the *Judson-Sheldon* case, *supra*. The testimony of plaintiff's witness as to the comparability in use of leather and plastic seat covers, equipped with zippers, was inconclusive.

Therefore, the protests with respect to plaintiff's alternate claim are overruled without affirming the classification of the collector.

Judgment will be entered accordingly.